

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NELSON BOSTIC,                )
                              )
    Plaintiff,              )
                              )
v.                            )   Civil Action No. 1:19-cv-03311 (UNA)
                              )
                              )
THE UNITED STATES, *et al.*,  )
                              )
    Defendants.             )

## MEMORANDUM OPINION

This matter was filed on November 4, 2019. The complaint contained a number of errors. Furthermore, Michael Alexander Bethea, a prisoner designated to Augusta Correctional Center, submitted certain filings on plaintiff's behalf, but failed to establish his status as plaintiff's next friend. The court entered an order on November 14, 2019, denying the requests for a preliminary injunction and temporary restraining order and ordering plaintiff to file an amended complaint within 30 days.

Currently before the court is a motion for next friend status and an first amended complaint, both submitted by Mr. Bethea. Also before the court is plaintiff's motion to appoint counsel, motion to amend the complaint (for a second time), and motion for reconsideration of the denial of injunctive relief. All motions will be denied, and this matter and the first amended complaint will be dismissed without prejudice.

In his motion for reconsideration, plaintiff argues that he is entitled to injunctive relief because he is scheduled for eviction on February 10, 2010, which will be detrimental. He does not, however, provide any legal or factual bases for ordering injunctive relief, nor does he establish this court's jurisdiction to do so. " '[T]he decision to grant or deny a rule 60(b) motion is committed

to the discretion of the District Court.'" *Kareem v. FDIC*, 811 F. Supp. 2d 279, 282 (D.D.C. 2011) (quoting *United Mine Workers of Am. 1974 Pension v. Pittston Co.*, 984 F.2d 469, 476 (D.C. Cir. 1993)). Motions for reconsideration are "disfavored" and "granting . . . such a motion is . . . an unusual measure [.]" *Cornish v. Dudas*, 813 F. Supp. 2d 147, 148 (D.D.C. 2011) (internal quotation marks omitted) (citing *Kittner v. Gates*, 783 F. Supp. 2d 170, 172 (D.D.C. 2011)); *see also Wright v. FBI*, 598 F. Supp. 2d 76, 77 (D.D.C. 2009). Plaintiff has failed to identify any justification under Rule 60(b) to vacate the existing judgment of this Court, and therefore, the motion is denied.

Plaintiff has also moved to appoint counsel. Plaintiffs in civil cases generally do not have a constitutional or statutory right to counsel. *See Willis v. F.B.I.*, 274 F.3d 531, 532–33 (D.C. Cir. 2001); *Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981). If a plaintiff is proceeding *in forma pauperis*, the court is authorized to appoint counsel under 28 U.S.C. § 1915(e)(1) (1996), but it is not obliged to do so unless a plaintiff demonstrates that such exceptional circumstances. Plaintiff has not demonstrated that his claims are particularly complex or that any greater interest of justice would be served by appointing counsel in this case, as compared to any other *pro se* case. *Lamb v. Millennium Challenge Corp.*, 228 F. Supp. 3d 28, 47 (D.D.C. 2017); *see also* LCvR 83.11(b)(3). Considering the limited *pro bono* resources that are available to the court, and given the current procedural posture of this case, counsel will not be provided to plaintiff at this time.

Mr. Bethea has filed a motion for next friend status. He indicates that plaintiff is under stress and is dealing with serious health conditions which have required hospitalizations. While the court is certainly sympathetic, Mr. Bethea has nonetheless failed to satisfy "the demanding requirements to proceed as next friend." *Brown v. DCHA*, No. 16-1771, 2017 WL 2375492 at *3 (D.D.C. May 31, 2017) (citing Fed. R. Civ. P. 17). In order to qualify as a party's next friend, one

must (1) provide an adequate explanation why the real party in interest cannot appear on his own behalf to prosecute the action; (2) be truly dedicated to the best interests of the person on whose behalf he seeks to litigate; and (3) have some significant relationship with the real party in interest. *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990). Here, Mr. Betha has addressed the first element of the *Whitmore* test, but has failed entirely to address the second and third elements. Thus, he may not proceed as plaintiff's next friend and his requests for injunctive relief therein are also denied.

Mr. Bethea has also filed a first amended complaint on plaintiff's behalf, albeit beyond the court-ordered deadline. Putting aside the untimeliness, for the reasons explained above, Mr. Bethea may not file on behalf of plaintiff. Subsequently, the court received a motion a to amend, purportedly filed by plaintiff, and seeking to add plaintiff's signature to a "prior motion to amend complaint" and the accompanying certificate of service. First, the court has not received a first motion to amend complaint; it only received the first amended complaint itself. Second, assuming that plaintiff is requesting to add his signature to portions of the first amended complaint filed by Mr. Bethea, he has failed to comply with the requirements of District of Columbia Local Civil Rules 7(i) and 15.1 in seeking such relief. Additionally, the level of participation of plaintiff in these filings is entirely unclear and the court cannot speculate because Mr. Bethea has not established standing to seek relief on behalf of plaintiff. *Whitmore*, 495 U.S. at 155. "[T]he defect of standing is a defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). Therefore, the motion to amend is denied and the first amended complaint and this matter are dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: 5/5/20

United States District Judge